

**Office of the New York State
Attorney General**

**Letitia James**

January

The Court is in receipt of the Parties' letter motions regarding a stay of discovery. The Court will address this at the conference on January 20th. The Parties are instructed to file the proposed case management plan with their respective positions on discovery deadlines in advance of the conference. They may be filed jointly or separately. SO ORDERED.

*Jennifer E. Willis*

JENNIFER E. WILLIS
UNITED STATES MAGISTRATE JUDGE
January 12, 2026

**By ECF**

Honorable Jennifer E. Willis
United States Magistrate Judge
Southern District of New York
40 Foley Square
New York, NY 10007

Re:    Alshami, et al. v. State of New York, No. 24-C

Dear Judge Willis:

This Office represents Defendant the State of New Yor[k] action. I write pursuant to the Court's Individual Practices to [r]outcome of the State's fully-briefed motion to dismiss. Signifi[c] Judge Broderick previously granted the State's request for an identical stay in Plaintiffs' prior lawsuit, which was based on the same allegations they make here. Nevertheless, during the parties' telephonic meet-and-confer on January 5, 2026, Plaintiffs refused to consent to the requested stay.

I.    Relevant Procedural History

On January 26, 2024, Plaintiffs filed Alshami v. State, No. 24-CV-000569-VSB, asserting the same allegations and Title VII claims as in this matter. The State moved to dismiss, and also moved to stay discovery pending the resolution of its motion to dismiss. Judge Broderick granted the State's motion for a stay, and explicitly held that "[h]aving considered the relevant factors, including whether Defendant has made a strong showing that Plaintiffs' claims are unmeritorious, the breadth of discovery and the burden of responding to it, and the risk of unfair prejudice to the party opposing the stay…I find that Defendant has met its burden to show good cause why discovery should be stayed." See Order, attached as Exhibit A (citations omitted, emphasis added). Accordingly, Judge Broderick entered a stay of discovery and adjourned all upcoming deadlines and appearances sine die.

Shortly after the stay was granted, Plaintiffs voluntarily discontinued their lawsuit before briefing on the State's motion to dismiss was complete. Plaintiffs then filed the instant action in State court, which they concede asserts "the same Title VII disparate impact and disparate treatment claims" as their prior lawsuit (and adds "related claims under the NYSHRL"). See ECF No. 22. The State promptly removed this case to federal court and again moved to dismiss. See ECF Nos. 1, 5-6. The State's motion to dismiss has been fully-briefed since October 18, 2024. See ECF Nos. 8, 15.

II.    A Stay Of Discovery Should Be Granted

As an initial matter, the fact that Judge Broderick already found good cause to stay discovery in Plaintiffs' prior lawsuit based on the same allegations and claims should be determinative. This case is no different, so the same result should issue here. To hold otherwise would be to reward Plaintiffs for forum shopping. Moreover, as shown below, Judge Broderick's finding of good cause for a stay

was eminently correct. Put simply, a stay was warranted then, and is likewise warranted now, because "the viability of the Plaintiffs' claims is in at least some doubt pending the resolution of the motion[] to dismiss, discovery is likely to be broad, and the imposition of a stay would not unfairly prejudice the Plaintiffs." Spinelli v. Nat'l Football League, 2015 WL 7302266, at *2 (S.D.N.Y. Nov. 17, 2015).

"[C]ourts in this district have held that a stay of discovery is appropriate pending resolution of a potentially dispositive motion where the motion appears to have substantial grounds or, stated another way, does not appear to be without foundation in law." Johnson v. N.Y. Univ. School of Educ., 205 F.R.D. 433, 434 (S.D.N.Y. 2002) (citations omitted, collecting cases). The State's motion to dismiss, which makes "several substantial arguments in favor of dismissal of this suit," clearly satisfies this standard. Valentini v. Grp. Health Inc., 2021 WL 861275, at *1 (S.D.N.Y. Mar. 8, 2021); see also Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc., 2009 WL 2777076, at *1 (S.D.N.Y. Sept. 1, 2009); Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd., 206 F.R.D. 367, 368 (S.D.N.Y. 2002); Port Dock & Stone Corp. v. Oldcaster Ne., Inc., 2006 WL 897996, at *2 (E.D.N.Y. Mar. 31, 2006). Indeed, there is particularly good cause for a stay when, as here, a motion to dismiss implicates the Court's subject matter jurisdiction because it is "the Court's obligation not to proceed unnecessarily with merits discovery in a case over which the Court may lack subject matter jurisdiction." Miller v. Brightstar Asia, Ltd., 2020 WL 7483945, at *5 (S.D.N.Y. Dec. 21, 2020) (quoting Hong Leong Fin. Ltd. (Sing.) v. Pinnacle Performance Ltd., 297 F.R.D. 69, 75 (S.D.N.Y. 2013)). As further described in the State's motion to dismiss, the Court lacks subject matter jurisdiction over this case under Rule 12(b)(1) because Plaintiffs lack standing to bring their claims. See ECF Nos. 6, 15. This well-grounded challenge to the Court's subject matter jurisdiction warrants a stay of discovery. See Renois v. WVMF Funding, LLC, 2021 WL 1721818, at *1 (S.D.N.Y. Apr. 30, 2021) (granting stay pending resolution of Rule 12(b)(1) motion to dismiss where jurisdictional arguments "are colorable and raise threshold challenges to the Court's subject-matter jurisdiction and Plaintiff's standing to bring suit"); Ellington Credit Fund, Ltd. v. Select Portfolio Servs., Inc., 2008 WL 11510668, at *3 (S.D.N.Y. June 12, 2008) (granting stay where "Defendants argue inter alia that Plaintiffs' claims should be dismissed because (1) Plaintiffs lack standing to pursue their claims…").

Moreover, a stay of discovery will not prejudice Plaintiffs because "[a]t this stage of the litigation, with the viability of the new Complaint unresolved, a delay in discovery, without more, does not amount to unfair prejudice." Spinelli, 2015 WL 7302266, at *2; see also Spencer Trask, 206 F.R.D. at 368 ("[A] stay pending determination of a dispositive motion that potentially eliminates the entire action will neither substantially nor unduly delay the action, should it continue.'") (citation omitted). Accordingly, courts regularly stay discovery when, as here, it will last only until the resolution of a potentially dispositive motion that has already been fully-briefed. See, e.g., Ellington Credit Fund, 2008 WL 11510668, at *2; Mortgage Resolution Serv., LLC v. JPMorgan Chase Bank, N.A., 2016 WL 3906712, at *7 (S.D.N.Y. July 14, 2016); Alapaha View Ltd. v. Prodigy Network, LLC, 2021 WL 1893316, at *3 (S.D.N.Y. May 10, 2021); Ema Financial, LLC v. Vystar Corp., 336 F.R.D. 75, 84 (S.D.N.Y. 2020). In addition, Plaintiffs' own conduct demonstrates that they will not be prejudiced by a stay. Indeed, Plaintiffs' decision to voluntarily dismiss their earlier lawsuit and file a new action based on the same allegations delayed the resolution of their claims by a matter of years. Moreover, Plaintiffs initiated the instant matter in June 2024, and it was removed to this Court in July 2024. See ECF No. 1. Yet Plaintiffs did not ask the Court to commence discovery until October 2025 – fifteen months later. See ECF Nos. 19-20. Given their own lengthy delays, Plaintiffs cannot credibly argue that any prejudice will result from a stay of discovery until the State's motion to dismiss is decided. Moreover, "this is not the sort of case where claims become stale because witness memories fade or evidence is likely to be lost." Forsher v. J.M. Smucker Co., 2016 WL 5678567, at *3 (E.D.N.Y. Sept. 30, 2016).

2

The State, on the other hand, would be greatly prejudiced if discovery were to move forward during the pendency of its motion to dismiss. In this case, Plaintiffs purport to challenge the entire multi-faceted system pursuant to which the payment of different sets of civil service employees, represented by their respective unions, is negotiated and determined across various governmental agencies. As a result, "the breadth of discovery is broad, and the burden of responding to Plaintiff's propounded discovery requests, let alone the requests she may make in the future, is substantial." Boelter v. Hearst Communs., Inc., 2016 WL 361554, at *5 (S.D.N.Y. Jan. 28, 2016). Indeed, Plaintiffs have already advised the State that they plan to seek discovery regarding, inter alia, the State's role in collective bargaining negotiations at CUNY and SUNY; the State's authority and review of CUNY's and SUNY's budgets; the qualifications, job duties, training, and compensation of CUNY peace officers and SUNY police officers; and the racial makeup of CUNY peace officers and SUNY police officers. Plaintiffs have further advised the State that they intend to seek discovery about these subjects not only during the limitations period, but also for periods prior to the limitations period. Proceeding with such broad discovery would place a substantial burden on the State, especially since the effort required will be entirely wasted in the event that its motion to dismiss is granted and Plaintiffs' claims are dismissed. See Rivera v. Heyman, 1997 WL 86394, at *1 (S.D.N.Y. Feb. 27, 1997) ("Given that disposition of the dismissal motion may significantly narrow, if not eliminate, the issues remaining in the case, proceeding with discovery while the motion is pending would waste the parties' resources and would constitute an undue burden on defendants."); Spencer Trask, 206 F.R.D. at 368 (granting stay because "proceeding with discovery while the motion to dismiss is pending would unnecessarily drain the parties' resources"); Integrated Sys. & Power, 2009 WL 2777076, at *1 (granting stay that "could avoid the need for costly and time-consuming discovery"); Johnson, 205 F.R.D. 433, 434 (granting stay "because the adjudication of the pending motion to dismiss may obviate the need for burdensome discovery"); Boelter, 2016 WL 361554, at *5 ("[B]ecause succeeding on each argument alone may warrant dismissal of Plaintiff's entire complaint, ordering discovery to proceed at this time would result in an excessive burden on Defendant."); Niv v. Hilton Hotels Corp., 2007 WL 510113, at *2 (S.D.N.Y. Feb. 15, 2007) (granting stay because "responding to the discovery requests will likely prove burdensome, and if the motion is granted, this burden will likely have served little purpose").

Significantly, this waste of resources would be borne not only by the State itself, but also by the public at large. Thus, a stay is particularly appropriate here because commencing broad discovery while the State's motion to dismiss is pending "would result in a substantial diversion of public resources which may not be ultimately necessary in this action." Chesney v. Valley Stream Union Free Sch. Dist., 236 F.R.D. 113, 116 (E.D.N.Y. 2006) (staying discovery pending outcome of motion to dismiss where "[s]everal of the defendants are municipal entities who provide public services in the areas of public education and civil service employment'); see also United States v. County of Nassau, 188 F.R.D. 187, 189 (E.D.N.Y. 1999) ("[I]t is self-evident that the cost of discovery, coupled with the diversion of employees' time and attention from municipal business to focus on the retrieval of discovery and to otherwise assist in the pursuit of this litigation, would be an unnecessary expense in the event that Nassau County's motion to dismiss is ultimately granted. The interests of fairness, economy and efficiency therefore favor the issuance of a stay of discovery at this time."); Nat. Rifle Assoc. of Am. v. Cuomo, 2020 WL 7338588, at *5-6 (N.D.N.Y. Dec. 14, 2020) (staying discovery pending resolution of motion to dismiss because, inter alia, "the public also has a significant interest in reducing the costs of the litigation borne by the State defendants") (citations omitted).

It is for these very reasons that Judge Broderick found good cause to stay discovery in Plaintiffs' prior lawsuit. Accordingly, and for the same reasons, the State respectfully requests a stay of discovery until its fully-briefed motion to dismiss has been resolved.

Respectfully submitted,

/s/ *Eva L. Dietz*

Eva L. Dietz
Assistant Attorney General
212-416-6211
Eva.Dietz@ag.ny.gov

4

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MOHAMED ALSHAMI, NADEEM
MOHAMMAD, DERRICK TROTMAN, DAVID
IRIZARRY, and JEFFREY PAWALL,

On behalf of themselves and all others similarly
situated

No. 24-CV-00569-VSB

       Plaintiffs,

     -against-

STATE OF NEW YORK,

      Defendant.

------------------------------------------------------------X

### NOTICE OF MOTION FOR A STAY

PLEASE TAKE NOTICE that, upon the accompanying Memorandum of Law, and all prior pleadings, papers and proceedings herein, defendant the State of New York will move this Court, before the Honorable Vernon S. Broderick, at the United States Courthouse for the Southern District of New York, located at 40 Foley Square, New York, New York, for an order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure staying discovery pending the resolution of the State's motion to dismiss, and granting such other and further relief as is deemed to be just and proper.

Dated: New York, New York
      May 22, 2024

                                  Respectfully submitted,

                                  LETITIA JAMES
                                  Attorney General
                                  State of New York
                                  Attorney for Defendant
                                  By:
                                      /s/ EVA L. DIETZ
                                  Eva L. Dietz

Assistant Attorney General
28 Liberty Street
New York, New York 10005
(212) 416-6211
eva.dietz@ag.ny.gov

**APPLICATION GRANTED**
**SO ORDERED**
**VERNON S. BRODERICK**
**U.S.D.J.** 6/5/2024

Having considered the relevant factors, including whether Defendant has made a "strong showing" that Plaintiffs' claims are "unmeritorious," "the breadth of discovery and the burden of responding to it," and "the risk of unfair prejudice to the party opposing the stay," *Alapaha View Ltd. v. Prodigy Network, LLC,* 20-CV-7572, 2021 WL 1893316, at *2 (S.D.N.Y. May 10, 2021), I find that Defendant has met its burden to show good cause why discovery should be stayed. Accordingly, discovery is hereby STAYED pending my decision on the motion to dismiss. The Clerk of Court is respectfully directed to terminate the open motion at Doc. 24.

2