**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------X

MOHAMED ALSHAMI *et al.*,

Plaintiffs,

-against-

STATE OF NEW YORK,

Defendant.

----------------------------------------------------------------X

**ORDER DENYING REQUEST TO LIFT STAY**

**24-CV-5790 (VSB) (JW)**

**JENNIFER E. WILLIS, United States Magistrate Judge:**

The Court has reviewed Plaintiffs' motion to partially lift the stay of discovery and Defendant's opposition. Dkt. Nos. 41 and 42. For the reasons set forth below, this motion is **DENIED**.

Judge Broderick referred this case for General Pretrial. Dkt. No. 23. Parties appeared before this Court for an Initial Case Management Conference ("ICMC") and Defendant's motion to stay discovery at Dkt. No. 25. The Court granted the stay on January 20, 2026. Dkt. No. 30. As further set forth below, the Court does not find there is a "change in circumstances" sufficient to warrant a lifting of the stay. Concern for Independent Living v. Town of Southampton, No. 24 Civ. 7101 (NJC) (JMW), 2025 WL 3206497, at *1 (E.D.N.Y. Nov. 17, 2025).

A key factor that the Court considers when evaluating a stay is the strength of the underlying dispositive motion. Johnson v. New York Univ. Sch. of Educ., No. 00 Civ. 8117 (WK) (RLE), 205 F.R.D. 433, 434 (S.D.N.Y. 2002) ("[C]ourts in this district have held that a stay of discovery is appropriate pending resolution of a potentially dispositive motion where the motion appears to have substantial grounds or, stated

another way, does not appear to be without foundation in law.") (collecting cases, cleaned up).

As the Court stated on the record at the ICMC, and as still true today, Judge Broderick has already weighed in on the pending motion to dismiss at Dkt. No. 5 when he granted a stay in the related case, 24 Civ. 569. Dkt. No. 32, 9-10. Judge Broderick considered various factors, ***including*** whether there was a strong showing by Defendant that the claims are "unmeritorious," and found that "Defendant has met its burden to show good cause why discovery should be stayed." Dkt. No. 25-1. This Court must continue to color within the lines of Judge Broderick's related decision, particularly because the standing issues warranting the stay in the related case are also in play here. Dkt. No. 32 at 9. ("[T]his question of standing is a key one . . . . it is an unusual posture to be in and . . . . it does make sense to wait and see what the outcome of that motion [to dismiss] is.")

Moreover, Plaintiffs argue they are being prejudiced by the delay caused by the stay in discovery. Dkt. No. 41 at 2-3. However, the delay experienced here is not atypical as to be truly prejudicial. O'Sullivan v. Deutsche Bank AG, No. 17 Civ. 8709 (LTS) (GWG), 2018 WL 1989585, at *9 (S.D.N.Y. Apr. 26, 2018) ("[T]he passage of a reasonable amount of time, without any other form of attendant prejudice, cannot itself constitute prejudice sufficient to defeat a motion to stay discovery").

Plaintiffs discuss the many fits and starts of this case since filing in 2024. Dkt. No. 41 at 1-2. But considering the entire delay since the motion to dismiss was filed is not the right calculus. Rather, the proper assessment comes down to the delay attributable to the stay of discovery, which The Court granted in January of this year. It is now October. It is not uncommon for a decision on a dispositive motion, like a motion to dismiss, to take several months or longer. Plaintiff relies on Wynder v.

McMahon, No. 99 Civ. 772, 2008 WL 111184 (E.D.N.Y. Jan. 9, 2008) to argue that a delay in deciding a motion may justify lifting a stay. Dkt. No. 41 at 2. But in Wynder, the underlying motions had been pending for almost three years, and the case had been pending for nearly eight. 2008 WL 111184 at *1. Here, only nine months have passed since the stay was put in place.

More crucially, the Court agrees with Defendant that Plaintiffs do not explain how the limited discovery they seek would alleviate any prejudice or expedite resolution. Dkt. No. 42 at 3. As far as the Court can discern, there is no specific importance or urgency to limited discovery into job descriptions for SUNY officers and the State's role in collective bargaining for officers. Dkt. No. 41 at 3. The Court is not convinced by Plaintiffs' generic argument that, "[t]he sooner discovery begins, the sooner the case may reach a resolution, and if the resolution is in Plaintiffs' favor, the sooner the discrimination will end." Id.

Thus, the motion to partially lift the stay is **DENIED**. The Clerk of Court is respectfully directed to close Dkt. No. 41.

SO ORDERED.

DATED: New York, New York
October 23, 2026

Jennifer E. Willis

JENNIFER E. WILLIS
United States Magistrate Judge